**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

SUMMIT BANK & TRUST, a Colorado corporation; and
CITY CENTER WEST LP, a Colorado limited partnership,

    Plaintiffs,

v.

AMERICAN MODERN HOME INSURANCE COMPANY, an Ohio corporation,

    Defendant.

---

## COMPLAINT

---

Plaintiffs Summit Bank & Trust and City Center West LP, by and through their attorneys, Bennington Johnson Biermann & Craigmile, LLC, state and allege as follows for their Complaint in this action:

### PARTIES

1. Plaintiff Summit Bank & Trust (hereinafter "Summit") is a Colorado corporation with its principal place of business at 2002 E. Coalton Rd., Broomfield, CO 80027.

2. Plaintiff City Center West LP (hereinafter "City Center") is a Colorado limited partnership with its principal place of business at 7100 E. Belleview Ave., Ste. 350, Greenwood Village, Colorado 80111.

3. Defendant American Modern Home Insurance Company (hereinafter "American Modern") is an Ohio corporation with its principal place of business at 7000 Midland Blvd., Amelia, Ohio 45102.

## JURISDICTION AND VENUE

4.      This Court has personal jurisdiction over American Modern as: (a) it did business in the State of Colorado at times material to this action; (b) it purposefully availed itself of the rights and privileges of the State of Colorado at times material to this action; and (c) it committed the wrongful acts and omissions described below, with resulting injury, damages, loss and other consequences in the State of Colorado.

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000, and Plaintiffs and American Modern are citizens of different states.  This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 as they form part of the same case or controversy.

6.      Pursuant to 28 U.S.C. § 1391, venue is proper in the District of Colorado as: (a) American Modern transacted business in the State of Colorado, and (b) the events and omissions giving rise to Summit's claims occurred in Colorado.

## GENERAL ALLEGATIONS

7.      Summit and Heartland Financial USA, Inc. (hereinafter "Heartland") are each a "Named Insured Mortgagee" on a Blanket Mortgage Security Insurance Policy, No. BM-14-6835-0836 (the "Policy"), obtained by Heartland.  City Center West LP is the "Insured/Borrower" on the Certificate of Insurance (No. 077VAN0033706) issued in connection with the Policy.

8.      Summit made a loan to City Center West L.P. for the purchase of property located at 700 71st Avenue, Greeley, CO 80634 (the "Insured Property").

9.      Pursuant to the terms of the Policy, American Modern agreed to insure "eligible real properties (Buildings) upon which [Heartland Financial] [has] requested we provide coverage,

for which you have paid a premium and in which [Heartland Financial] [has] an insurable interest as mortgagee, or as the servicing agent by written agreement." Heartland, either directly or through Summit, requested coverage for the Insured Property and paid the premium. Heartland, through Summit, has an insurable interest as mortgagee in the Insured Property.

10. American Modern agreed to insure Summit for risk of direct physical loss to the Insured Property taking place during the policy period. The policy period ran from April 27, 2009 to "until cancelled."

11. On or about September 23, 2011, direct physical loss, as defined by the Policy, occurred to the Insured Property as a result of vandalism and burglary. The cost to repair the Insured Property exceeds $3.5 million. On October 10, 2011, Summit provided a written Property Loss Notice to American Modern.

12. American Modern has failed to honor the terms of the Policy, has failed to cover Summit's loss and has refused to abide by the terms and coverage requirements of the Policy. Specifically, on February 10, 2012, Summit made a demand on American Modern to pay for the direct physical loss to the Insured Property. On or around February 24, 2012, American Modern refused to cover the majority of the direct physical loss to the Insured Property occurring on September 23, 2011.

13. On March 20, 2012, American Modern reiterated its position regarding the coverage of the Insured Property. At that time, it tendered a check to Summit in the amount of $321,069.00, which is approximately $3.2 million less than the actual loss to the Insured Property. In connection with tendering that check, American Modern stated that acceptance or deposit of that check would not amount to a waiver or release with respect to the claims stated herein.

## FIRST CLAIM FOR RELIEF
### Bad Faith Breach of Insurance Contract

14. Plaintiffs incorporate each of the allegations set forth above in this Claim for Relief.

15. The Policy imposes on American Modern the duty of good faith and fair dealing in handling claims submitted by Summit under the Policy.

16. American Modern has acted unreasonably, in bad faith, and has breached its duty of good faith and fair dealing owed to Plaintiffs through unreasonable acts and omissions including, but not limited to, delaying the provision of its coverage decision, refusing to acknowledge coverage under the Policy, forcing Plaintiffs to file this lawsuit to collect full payment, and placing its own interests above those of Plaintiffs.

17. American Modern knew its conduct and actions were unreasonable and/or recklessly disregarded the fact that its conduct and actions were unreasonable.

18. As a direct result of American Modern's unreasonable conduct and bad faith breach of insurance contract, Plaintiffs have incurred and continue to incur damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

19. Plaintiffs incorporate each of the allegations set forth above in this Claim for Relief.

20. The Policy constitutes a valid, enforceable and binding contract between Summit and American Modern.

21. Plaintiffs have performed all of their obligations under the Policy and satisfied all conditions precedent to coverage under the Policy.

22.     American Modern has failed and refused to pay claims covered under the Policy which constitutes a breach of contract.

23.     Plaintiffs have been damaged and will continue to be damaged by American Modern's breach of contract.

24.     As a direct result of American Modern's breach of insurance contract, Plaintiffs have incurred and continue to incur damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### Violations of C.R.S. § 10-3-1115 and 1116

25.     Plaintiffs incorporate each of the allegations set forth above in this Claim for Relief.

26.     American Modern has unreasonably delayed and denied payment of claims for benefits under the Policy as further set forth above.

27.     Summit is a "first party" claimant as defined in C.R.S. § 10-3-1115.

28.     Plaintiffs have been damaged by American Modern's unreasonable delay and denial of payment of the claims for benefit under the Policy in violation of C.R.S. § 10-3-1116.

29.     Pursuant to C.R.S. § 10-3-1116, Plaintiffs are entitled to recover from American Modern two times the covered benefit under the Policy as well as reasonable attorney fees and costs.

### FOURTH CLAIM FOR RELIEF
### Declaratory Judgment

30.     Plaintiffs incorporate each of the allegations set forth above in this Claim for Relief.

31.     This claim is brought pursuant to 28 U.S.C. § 2201 et seq., relating to Declaratory Judgments, and Fed. R. Civ. P. 57 to determine and declare the rights, obligations and status of the parties under the Policy.

32.     There is a current and ongoing dispute between Plaintiffs and American Modern concerning the validity and effect of the Policy, and whether and how much American Modern has to pay Plaintiffs under the Policy.

33.     Plaintiffs are entitled to the Court's determination and declaration that the Policy is valid and enforceable, that the Policy requires American Modern to pay Plaintiffs pursuant to the terms and conditions of the Policy, that American Modern has not acted reasonably and in conformance with its duties of good faith and fair dealing toward Plaintiffs, and that Plaintiffs are entitled to such additional relief, including orders of specific performance, damages, attorney fees and costs, as is necessary to effectuate the foregoing determination and declarations, and to afford complete relief.

**WHEREFORE**, Plaintiffs Summit Bank & Trust and City Center West LP seek judgment in their favor and against Defendant American Modern Home Insurance Company awarding:

a) a declaration that American Modern is obligated by and in accordance with the terms and the conditions of the Policy to pay Plaintiffs for the direct physical loss to the Insured Property;

b) their direct damages as shall be proven at trial;

c) indirect, general and consequential damages as shall be proven at trial;

d) two times the covered benefit under the Policy, pursuant to C.R.S. § 10-3-1116;

e) costs and attorneys' fees as allowable by law;

f) pre-judgment and post-judgment interest; and

g) such further relief as the Court may find proper.

Dated: September 10, 2012	*s/ Kenneth R. Bennington*

_____
Kenneth R. Bennington
Adam F. Aldrich
BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 3500
Denver, CO 80202
(303) 629-5200

*Attorneys for Plaintiff*

Plaintiff's Address:
2002 E. Coalton Rd.
Broomfield, CO 80027