IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **12-cv-02395-JLK**

**SUMMIT BANK & TRUST, a Colorado Corporation; and**
**CITY CENTER WEST LP, a Colorado Limited Partnership,**
    Plaintiffs,

v.

**AMERICAN MODERN HOME INSURANCE COMPANY, an Ohio Corporation,**
    Defendant.

_____
**ORDER FOR SUPPLEMENTAL BRIEFING**
_____

Kane, J.

Having read and considered parties' briefing on Defendant's pending Motion to Dismiss (Doc. 17), I am concerned about the insurable interest issue and find it inadequately briefed in the current case. The "incorporation by reference" of briefing from this case's previous incarnation before Judge Matsch – a case resolved on a different issue all together – is insufficient for my review of the separate action currently before me. Accordingly,

Defendant IS ORDERED to SUPPLEMENT its Motion to Dismiss with additional briefing on its assertion that City Center lacks any insurable interest in the property at issue. The briefing should articulate Defendant's arguments in stand-alone fashion, and must include any and all legal authority on which Defendant relies. The Supplemental Brief is due on or before December 18, 2012. City Central shall file a written Response to the Supplemental Brief on or before January 2, 2013. While no page limit is imposed, I expect both briefs to be under ten (10) pages in length. Defendant may file a short reply brief on or before January 9, 2013.

After receiving the supplemental briefing, I will decide whether to order argument on Defendant's Motion. The parties are specifically admonished that I will not hear argument on the collateral estoppel issue, which I reject without further argument or briefing. Senior Judge Matsch's pithy August 3, 2012 Order in Civil Action No. 12-cv-01370-RPM was limited to the assignment issue and did not address the question presented here, namely, whether City Center can establish a direct right to relief under Rules 19(a)(1)(B) and Rule 20(1)(1) of the Federal Rules of Civil Procedure. This basis for standing was not resolved in the earlier action and thus collateral estoppel is inapplicable.

Dated: December 3, 2012

BY THE COURT:
**/s/John L. Kane**
U.S. SENIOR DISTRICT JUDGE