IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **12-cv-02395-JLK**

**SUMMIT BANK & TRUST, a Colorado Corporation; and**
**CITY CENTER WEST LP, a Colorado Limited Partnership,**
     Plaintiffs,

v.

**AMERICAN MODERN HOME INSURANCE COMPANY, an Ohio Corporation,**
     Defendant.

___

**ORDER DISMISSING PLAINTIFF CITY CENTER**
___

Kane, J.

## Introduction

Defendant moves under Fed. R. Civ. P. 12(b)(6)[1] to dismiss Plaintiff City Center from the instant bad-faith insurance action. Pointing out that City Center is not a named insured on the underlying insurance policy and that Defendant is party to no other contractual agreement with City Center, Defendant argues City Center has no insurable interest and is therefore unable to state a claim for failure to remit payment. Plaintiffs squarely oppose Defendant's position, arguing that the listing of "City Center" as an "Insured/Borrower" on a certificate of insurance issued by Defendant bestows upon City Center an insurable interest. Because a certificate of insurance alone is insufficient to

---

[1] A Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) must be granted where the complaint does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

1

establish an insurable interest, I reject City Center's argument and grant the motion to dismiss it from this case, Doc. 17.[2]

## Facts[3]

Plaintiffs are Summit Bank and Trust, Inc. ("Summit") and City Center West, LP ("City Center"). Defendant is American Modern Home Insurance Company ("AMHIC"). Summit loaned money to City Center to purchase a commercial property in Greeley, Colorado. Heartland Financial USA, Inc ("Heartland"), either directly or through Summit, purchased an insurance policy that covered the property and paid premiums to AMHIC. Per the policy terms, AMHIC agreed to insure Summit. In September 2011, the building incurred "direct physical loss," as that phrase is defined in the operative insurance policy, from burglary and vandalism. Damage to the building exceeded $3.5 million. Per the policy terms, Summit provided a written Property Loss Notice to AMHIC. In February 2012, AMHIC refused to cover most of the loss and a month later issued a check to Summit in the amount of $321,069. Summit was not required to release its claim to the additional amount under the policy as a condition of receiving this check.

Plaintiffs claim that, in addition to Summit being able to recover under the policy as the named insured on the underlying policy, City Center is entitled to recover as an additional insured--a party with the same recovery rights as a named policyholder--because a certificate of insurance issued by AMHIC lists City Center as the

---

[2] As discussed below, however, I grant the motion only insofar as I dismiss City Center; I DENY Defendant's request for attorney fees and costs.
[3] Unless otherwise noted, all facts are taken from Plaintiffs' Amended Complaint, Doc. 9.

"Insured/Borrower". AMHIC denies the language on the insurance certificate suffices to confer upon City Center additional insured status.

## Procedural History

This is the second time City Center has sought relief from this Court. On August 3, 2012, Senior Judge Richard P. Matsch dismissed Plaintiff City Center's claim per Fed. R. Civ. P. 12(b)(6). City Center was the lone Plaintiff in this first case. City Center appealed this decision and the appeal is currently pending. On September 10, 2012, City Center along with Summit, an entity no party disputes is an insured, filed a second complaint, which is the subject of this action.

AMHIC again moves to dismiss, claiming City Center should be collaterally estopped from bringing this second action and incorporating many of the arguments from its Motion to Dismiss granted by Judge Matsch. AMHIC's instant Motion to Dismiss also requests an award of AMHIC's reasonable attorney fees and costs. AMHIC argues it is entitled to this cost recovery because City Center's actions in bringing the current action while it is appealing Judge Matsch's prior order constitutes bad faith.

By an Order dated December 12, 2012, Doc. 21, this Court rejected AHMIC's collateral estoppel claim and ordered the parties to submit additional briefing on the insurable interest issue, i.e., whether City Center was an additional insured. Because I decided in that Order that the current action presents a legal question not before Judge Matsch, I DENY Defendant's request for attorney fees and costs.

## DISCUSSION GRANTING MOTION AS TO DISMISSAL OF CITY CENTER

Colorado follows the majority view that "a certificate of insurance is not a contract of insurance but is merely the evidence that a contract has been issued". *Am. Hardware Mut. Ins. Co. v. BIM, Inc.,* 885 F.2d 132, 139 (4th Cir. 1989). Further, a certificate of insurance is an "informational document subject to the limitations of the policy." *Broderick Inv. Co. v. Strand Nordstrom Stailey Parker, Inc.,* 794 P.2d 264, 267 (Colo. Ct. App. 1990). Accordingly, absent an underlying policy naming a certificate holder as an insured, a certificate of insurance does not create an insured relationship for the certificate holder. *Struble v. Am. Family Ins. Co.,* 172 P.3d 950, 956 (Colo. Ct. App. 2007); *Broderick Inv. Co.,* 794 P.2d at 266. *See also Boseman v. Connecticut Gen. Life Ins. Co.*, 301 U.S. 196, 203, (1937) (insurance certificate is only evidence of insurance); *Am. Hardware Mut. Ins. Co.,* 885 F.2d at 140; 3 *Lee Russ, et. al.*, *Couch on Insurance* § 40.31 (3d ed. 2012) ("no additional insured relationship exists where a certificate of insurance has been issued identifying an individual or entity as an additional insured without corresponding language in the policy or endorsement thereto that would include that individual or entity as an additional insured").

A certificate of insurance will grant additional insured status upon a party not named as an insured in the underlying policy only if it contains language explicitly stating intent to modify the underlying policy; simply labeling a hitherto unnamed party as an "Insured/Borrower" is not a legally sufficient expression of intent to modify the underlying policy. *See Mountain Fuel Supply v. Reliance Ins. Co.*, 933 F.2d 882, 889 (10th Cir. 1991) (applying "majority view" that language stating certificate does not amend policy except as stated shows insurance company intended to incorporate terms of

certificate into underlying policy).  City Center's certificate here makes no such expression.  To the contrary, the certificate plainly states "this certificate is issued pursuant to the master policy issued to your mortgagee."  Doc 22-1, Exh. H.  This language shows it was not intended to change the underlying policy issued to Heartland Financial USA, Inc.  When a certificate expressly states it was issued subject to a policy, the language of the underlying policy controls.  *Taylor v. Kinsella*, 742 F.2d 709, 711 (2d Cir. 1984).  With nothing in the policy accompanying and predating the certificate to suggest City Center is an additional insured, its label as an "Insured/Borrower" on the certificate of insurance has no intrinsic legal effect as to its status as an insured.

Accordingly, though Plaintiffs are correct in arguing an additional insured is entitled to the same contractual obligations as the policyholder, they have not shown City Center is an additional insured.  Plaintiffs' claim that the language on the certificate of insurance referring to City Center as an "Insured/Borrower" is alone enough to establish City Center as having additional insured status fails.

That said, I note for thoroughness's sake that another possible tack by which Plaintiffs might have established City Center as an additional insured would have been to have shown that City Center relied on the certificate to its detriment. Where a party reasonably believes itself to be insured and relies upon a certificate of insurance to its detriment, an insurer may be estopped from denying coverage to the relying party named on the certificate of insurance.  *See e.g. Struble v. American Family Ins. Co.,* 172 P.3d 950 (Colo.App.2007)(insurer estopped from denying coverage where certificate holder paid insurance premiums and otherwise conducted itself as an insured) ; *Lenox Realty*

*Inc. v. Excelsior Ins. Co.,* 255 A.D.2d 644, 646 (1998) (certificate holder relied on certificate language by allowing subcontractor to continue to work on premises).

Absent such an argument, however, and finding City Center's view that it is an additional insured insupportable by sole virtue of the language in the certificate of insurance, I GRANT AMHIC's Motion as to DISMISSING THIS CASE WITHOUT PREJUDICE and DENY AMHIC's Motion as to attorney fees and costs.

DATED:     March 27, 2013                        BY THE COURT:
                                                 */s/John L. Kane*
                                                 U.S. Senior District Judge