IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 12-cv-02395-JLK

**SUMMIT BANK & TRUST, a Colorado Corporation,**

    Plaintiff,

v.

**AMERICAN MODERN HOME INSURANCE COMPANY, an Ohio Corporation,**

    Defendant.

___

**ORDER GRANTING SUMMIT'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER AND DENYING AMHIC'S MOTION FOR A PRE-TRIAL HEARING**
___

Kane, J.

This insurance dispute is set for a four day bench trial beginning November 3, 2014. Three pre-trial motions are pending: Plaintiff Summit Bank & Trust's ("Summit") Motion to Quash and for a Protective Order, Doc.60, and Motion *in limine* to Preclude the Expert Testimony of Randy Beal, Doc. 66, and Defendant American Home Modern Insurance Company's ("AMHIC") Motion for Hearing Regarding Pre-Trial Issues, Doc. 67. For the reasons that follow, I GRANT Summit's Motion to Quash and for a Protective Order, Doc. 60, and DENY AMHIC's Motion for Hearing Regarding Pre-Trial Issues, Doc. 67. Summit's Motion to Preclude the Expert Testimony of Randy Beal, Doc. 66, remains pending until a Response is filed by AMHIC.

                I.       The Motion to Quash is GRANTED.

On July 18, 2014, AMHIC served Summit with a Fourth Set of Written Discovery. On July 24, 2014, AMHIC served a subpoena on Axis Insurance Company. The operative fact

discovery deadline, however, was January 15, 2014[1]. AMHIC did not request leave to serve additional discovery, nor did it request further modification of the Scheduling Order before serving these two fact discovery vehicles.

The post-deadline fact discovery requests concern hail damage that the insured Property incurred in August 2013, approximately two years after the damage that the Property incurred from the vandalism/theft claim at issue in this case was reported in October 2011. Summit's damage summary of the vandalism/theft loss was completed in November 2011, over a year before the hail damage occurred. The 2011 damage summary was updated in 2014 based on my previous Orders and on current construction pricing, but does not include any damages that were not already identified and disclosed in the 2011 damage summary. The categories and items listed as damages are exactly the same, except for removing theft damage. Because the hail damage occurred after the vandalism/theft damage and no damages attributable to or consistent with hail damage have been added to the damage summary, Summit contends that the Fourth Written Set of Discovery and Subpoena served on Axis Insurance Company are irrelevant and that the fact discovery deadline should not be extended to accommodate them. Summit requests that I (a) enter an order quashing the subpoena served on Axis Insurance Company; and (b) enter a protective order in favor of Summit and against AMHIC on AMHIC's Fourth Set of Written Discovery.

AMHIC contends that the hail damage is relevant to the instant action because "it is possible that Plaintiff or City Center have asserted damages in the hail claim that are

---

[1] The original discovery cut-off was November 15, 2013. Doc. 35, Stipulated Scheduling and Discovery Order ("Scheduling Order"). AHMIC requested and was granted one extension of the discovery cut-off, producing the January 15, 2014 deadline. The Scheduling Order states that all written discovery must be served so that responses are due on or before the discovery cutoff. AMHIC makes some noise about fact discovery as still ongoing, but the arguments rely on a fanciful interpretation of the Order at Doc. 51.

2

substantially similar to damages asserted in this matter. Further, representations made by Plaintiff or City Center to the insurance carrier on the hail claim regarding the condition of the Property prior to the loss could be relevant to the claims they are making in this case or be used to impeach testimony or evidence presented at trial." AMHIC's concerns might be well-founded under some circumstances, but I find here that its asserted risks are vitiated by the 2011 and 2014 damage summaries' consistency. As to AMHIC's grumble that Summit did not notify AMHIC of the hail damage until after the fact discovery deadline had elapsed, I do not find any evidence or suggestion that Summit withheld or delayed disclosure of any information regarding the condition of the property. Summit is not the owner of the property. It only has a lien on the property related to a commercial mortgage and as such cannot be expected absent an agreement mandating otherwise to have real time knowledge of the condition of the mortgaged property. I GRANT Summit's Motion to Quash and for a Protective Order, Doc.60.

        II.       The Motion for Hearing Regarding Pre-Trial issues is DENIED.

I do not think there is any advantage to the parties assembling for a pre-trial hearing. This Order sets deadlines proposed by Summit as follows:

- October 17, 2014 for exchanging witness and exhibit lists
- October 24, 2014 for filing objections to any designations of deposition testimony

Summit's Motion to Quash and for a Protective Order, Doc.60., is GRANTED; AMHIC's Motion for Hearing Regarding Pre-Trial Issues, Doc. 67, is DENIED. Summit's Motion to Preclude the Expert Testimony of Randy Beal, Doc. 66, remains pending until a Response is filed by AMHIC.

DATED:    October 14, 2014        BY THE COURT:


        ***s/John L. Kane***
        John L. Kane, U.S. Senior District Judge